UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FAROULH DORLETTE,          : | |
|     Plaintiff,                : | |
|                                      : | |
| v.                                              : | Case No. 3:15-cv-1856(VAB) |
|                                      : | |
| OFFICER TYBURSKI, ET AL.,   : | |
|     Defendants.             : | |

## RULING ON MOTION TO DISMISS

       Plaintiff, Faroulh Dorlette, currently incarcerated at the Northern State Correctional Facility in Springfield, Vermont, initiated this action by filing a complaint under 42 U.S.C. § 1983 against Correctional Officer Tyburski, Correctional Officer Melendez, Lieutenant Richardson, District Administrator Angel Quiros and Commissioner Scott Semple. ECF No. 1. On February 3, 2016, the Court granted Mr. Dorlette's motion to proceed *in forma pauperis*. ECF No. 10. On October 17, 2016, the Court dismissed all claims against Officer Tyburski and Commissioner Semple under 28 U.S.C. § 1915A(b)(1) and concluded that the Fourteenth Amendment procedural due process claims would proceed against Defendants Officer Melendez, Lieutenant Richardson and District Administrator Angel Quiros in their individual and official capacities. ECF No. 13.

       On December 14, 2016, Defendants moved for an order requiring Mr. Dorlette to pay $200.00 as security for costs. ECF No. 22. On December 15, 2016, the Clerk of the Court granted the motion and ordered Mr. Dorlette to file a bond as security for costs in the amount of $200.00. ECF No. 23.

Defendants now move to dismiss the Complaint because Mr. Dorlette has not filed a cash deposit or bond in the amount of $200.00 as security for costs in this action. ECF No. 27  Mr. Dorlette seeks to have the Order for security for costs set aside, arguing that he is indigent and that he had already been granted leave to proceed *in forma pauperis*. ECF No. 30.

Because the Court granted the plaintiff leave to proceed *in forma pauperis* in this action under 28 U.S.C. § 1915 ("Section 1915"), ECF No. 10, he is not required to post bond as security for costs. *See generally* 28 U.S.C. § 1915. Subsections (b)(1) and (2) of Section 1915 only authorize the collection of funds toward payment of the filing fee. See 28 U.S.C. § 1915(b) (discussing how filing fee may be assessed on indigent prisoner plaintiff); *see also Wright v. City Of Waterbury*, No. 3:07-CV-306 CFD, 2008 WL 691714, at *3 (D. Conn. Mar. 12, 2008) ("The requirement to file a bond is waived in light of the plaintiff's assertion that he is indigent and was granted permission to sue *in forma pauperis*."). Accordingly, the Rrder granting the motion for security for costs is vacated and the motion to dismiss is denied.

## Conclusion

The Order, **ECF No. 23**, granting the motion for security for costs is **VACATED** and the Motion to Dismiss, **ECF No. 27**, on the ground that Mr. Dorlette failed to file a cash deposit or bond in the amount of $200.00 as security for costs is **DENIED**.

Defendants shall file a response to the Complaint within thirty days of the date of this order. Discovery shall be completed within three months of the date of this Order. Motions for summary judgment, if any, shall be filed within four months of the date of this Order.

SO ORDERED at Bridgeport, Connecticut this 6th day of April, 2017.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE