# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| FAROULH DORLETTE,<br>　　Plaintiff,<br><br>v.<br><br>OFFICER TYBURSKI, et al.,<br>　　Defendants. | :<br>:<br>:<br>:　Case No. 3:15-cv-1856 (VAB)<br>:<br>:<br>: |

## ORDER AND RULING ON MOTION TO DISMISS

Faroulh Dorlette ("Mr. Dorlette" or "Plaintiff"), currently incarcerated at the Northern Correctional Institution in Somers, Connecticut, and proceeding *pro* se, filed a Complaint under 42 U.S.C. § 1983 against Correctional Officer Tyburski, Disciplinary Investigator Melendez, Disciplinary Hearing Officer Richardson, District Administrator Angel Quiros and Commissioner Scott Semple.

On October 17, 2016, the Court dismissed all claims against Tyburski and Semple under 28 U.S.C. § 1915A(b)(1) and concluded that the Fourteenth Amendment procedural due process claims would proceed against Melendez, Richardson and Quiros in their individual and official capacities. *See* Initial Review Order, ECF No. 13. Defendants have now filed a motion to dismiss the Complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

For the reasons set forth below, the motion to dismiss is **GRANTED** in part and **DENIED** in part.

I. **FACTUAL ALLEGATIONS**

Mr. Dorlette claims that, on October 24, 2014, Officer Tyburski issued him a disciplinary report charging him with attempting to mail an envelope that contained a soup seasoning packet. The plaintiff complains that both the report and the process afforded him in connection with the

disciplinary hearing were deficient in multiple ways and alleges that there was no evidence to support the charge. On November 20, 2014, Lieutenant Richardson allegedly found Mr. Dorlette guilty of the charge and sanctioned him to 20 days in punitive segregation and 60 days loss of mail privileges. District Administrator Quiros allegedly failed to respond to Mr. Dorlette's appeal of the disciplinary finding and sanctions.

Mr. Dorlette claims that Officer Melendez, Lieutenant Richardson and District Administrator Quiros violated his procedural due process rights. Specifically, he alleges that the disciplinary report was vague and unsigned, that Officer Melendez did not specify the evidence which formed the basis of the disciplinary report, that there was no evidence to support a guilty finding by Lieutenant Richardson, and that District Administrator Quiros failed to remedy the situation when he became or should have become aware of the allegedly unsupported guilty finding.

As a result of the disciplinary proceedings, Mr. Dorlette allegedly remained in punitive segregation for twenty days, and he alleges that the conditions in the restrictive housing unit were significantly more onerous than the conditions in general population. Compl. ¶¶ 17, 19, ECF No. In particular, Mr. Dorlette alleges that the "extreme conditions" that he suffered in punitive segregation included the "use of restraints . . . upon exiting his cell, recreation, showers, etc." that allegedly caused "shoulder pain and pain in the back" from his getting into position "for restraint application and removal." *Id.* ¶ 19. Mr. Dorlette also alleges that, while in punitive segregation, he was deprived of "adequate showers, phone calls, recreation, etc." *Id.*

## II.     STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted); *see also* Fed. R. Civ. P. 8(a)(2) (requiring that a plaintiff plead only "a short and plain statement of the claim showing that the pleader is entitled to relief"). A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, to state a plausible claim, a plaintiff's complaint must have "enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting the claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Although "detailed factual allegations" are not required, a complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 555, 557.

In determining whether the plaintiff has met this standard, the Court must accept the allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007); *Newman & Schwartz v. Asplundh Tree Expert Co., Inc.,* 102 F.3d 660, 662 (2d Cir. 1996) (citations omitted). In considering a motion to dismiss, "a district court must [also] limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference." *Newman & Schwartz*, 102 F.3d at 662 (citation and internal quotation marks omitted). The Court notes that the operative Complaint makes a number of references to attached exhibits, yet, Ms.

Moorer did not attach exhibits to the Amended Complaint, *See* ECF No. 56, so the Court relies solely upon the alleged facts in her Amended Complaint.

Finally, *pro se* complaints "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (internal quotation marks omitted) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing the "special solicitude" courts afford *pro se* litigants).

### III. DISCUSSION

The defendants move to dismiss all claims in the complaint. In compliance with Local Rule 12(a), the defendants have filed an Order of Notice to *Pro Se* Litigant informing Mr. Dorlette of his obligation to file a response to the motion to dismiss. *See* Notice, ECF No. 32-4. Despite this notice, Mr. Dorlette has not filed a response to the motion to dismiss or sought an extension of time in order to do so.

#### A. Official Capacity Claim for Declaratory Relief

Defendants Melendez, Richardson and Quiros argue that the official capacity claim for declaratory relief against them is barred by the Eleventh Amendment. Declaratory relief serves to "settle legal rights and remove uncertainty and insecurity from legal relationships without awaiting a violation of the rights or a disturbance of the relationships." *Colabella v. American Institute of Certified Public Accountants*, No. 10-cv-2291(KAM)(ALC), 2011 WL 4532132, at *22 (E.D.N.Y. Sept. 28, 2011) (citations omitted). Declaratory relief operates in a prospective manner to allow parties to resolve claims before either side suffers great harm. *See In re Combustion Equip. Assoc. Inc.*, 838 F.2d 35, 37 (2d Cir. 1988).

In *Ex Parte Young*, 209 U.S. 123 (1908), the Supreme Court held that an exception to the Eleventh Amendment's grant of sovereign immunity from suit existed to permit a plaintiff to sue a state official acting in his or her official capacity for prospective injunctive relief for continuing violations of federal law. *Id.* at 155-56. The exception to Eleventh Amendment immunity, however, does not apply to claims against state officials seeking declaratory or injunctive relief for prior violations of federal law. *See Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 146 (1993) (stating that the Eleventh Amendment "does not permit judgments against state officers declaring that they violated federal law in the past"); *Green v. Mansour*, 474 U.S. 64, 68 (1985) ("We have refused to extend the reasoning of *Young* . . . to claims for retrospective relief.") (citations omitted).

The allegations in the Complaint relate to conduct that occurred in October and November 2014 at Walker Correctional Institution ("Walker"). As indicated above, Mr. Dorlette is currently incarcerated at Northern Correctional Institution. His request for a declaration that the defendants violated his federal constitutional rights in October and November 2014 at Walker cannot be properly characterized as "prospective" because he does not allege how such relief would remedy a future constitutional violation by the defendants. Thus, Mr. Dorlette's request for declaratory relief does not meet the exception to the Eleventh Amendment immunity set forth in *Ex Parte Young*.

Absent any request for prospective relief to remedy ongoing violations of federal law, a declaration that the defendants violated Mr. Dorlette's constitutional rights in the past is barred by the Eleventh Amendment. *See Green*, 474 U.S. at 71–73 (if there is no allegation of an ongoing violation of federal law, the Eleventh Amendment prevents federal courts from

providing notice relief or a declaratory judgment that state officials violated federal law in the past); *Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 162 (D. Conn. 2005) (dismissing claim for retrospective declaratory relief in the form of a statement that the conduct of certain defendants violated his rights because it was barred by the Eleventh Amendment). Accordingly, the motion to dismiss is granted as to the request for declaratory relief.

B.  **Individual Capacity Claims for Money Damages**

The Complaint also challenges the November 20, 2014, disposition of a disciplinary charge against Mr. Dorlette by Hearing Officer Richardson and the sanctions imposed by Hearing Officer Richardson under the disposition of the charge. Mr. Dorlette claims that Investigator Melendez, Hearing Officer Richardson, and District Administrator Quiros violated his right to procedural due process under the Fourteenth Amendment in finding him guilty of the disciplinary charge, imposing sanctions against him and refusing to address his appeal of the disposition of the disciplinary charge. For relief, Mr. Dorlette seeks monetary damages and injunctive relief.

With regard to the request for injunctive relief, Mr. Dorlette seeks an order directing the defendants to reverse the guilty finding, expunge the disciplinary report, expunge any reference to the disciplinary proceeding in his inmate records, and an order directing the defendants to release him to general population. Defendants Richardson, Melendez, and Quiros argue that the individual capacity claims for money damages against them are barred by the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck*, the Supreme Court held that when a state prisoner seeks damages in a § 1983 action, "the district court must consider whether a judgment in favor of the plaintiff would

6

necessarily imply the invalidity of his conviction and sentence and if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487. In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court concluded that the holding of *Heck* applies to a prisoner's challenge to the procedures used in a disciplinary proceeding which results in a change to the prisoner's sentence, including the loss of accumulated good-time credits. *See id.* at 648. Thus, a prisoner may not proceed with a § 1983 action challenging a sanction imposed under a disciplinary finding that affects the length of his or her sentence "unless he [or she] has shown that the sanction . . . ha[s] been overturned through administrative channels or by a state or federal court." *Peralta v. Vasquez*, 467 F.3d 98, 100 (2d Cir. 2006).

In *Peralta*, the Second Circuit considered a situation in which prison officials had subjected a prisoner to sanctions that affected the duration of his confinement as well as sanctions that affected only his conditions of confinement. The court held that "a prisoner subject to such mixed sanctions can proceed separately, under § 1983, with a challenge to the sanctions affecting his conditions of confinement without satisfying the favorable termination rule, *but ... he can only do so if he is willing to forgo once and for all any challenge to any sanctions that affect the duration of his confinement.*" 467 F.3d at 104. The Second Circuit remanded the case to the district court with instruction for the court to ascertain whether the prisoner had formally agreed to waive all claims challenging the duration of his imprisonment. *See id.* at 106.

Although Mr. Dorlette stated in the Complaint that the disciplinary hearing officer only imposed two sanctions, confinement in segregation for twenty days and loss of mail privileges for sixty days, Defendants have advised the Court that the disciplinary hearing officer also

7

imposed the sanction of loss of ten days of Risk Reduction Earned Credits. *See* Compl. ¶ 17, ECF No. 1; Defs.' Mem. Supp. Mot. Dismiss, Attach. 1, ECF No. 32-2 (Petition for Writ of Habeas Corpus filed by Mr. Dorlette on January 16, 2015 in the Connecticut Superior Court, Page 6); *Dorlette v. Warden*, No. TSRCV154006924S, 2017 WL 3011610, at *1-3 (Conn. Super. Ct. June 14, 2017) (denying petition for a writ of habeas corpus asserting "various due process violations in the disciplinary hearing that resulted in his administrative detention and other sanctions, including loss of Risk Reduction Earned Credits"). The loss of Risk Reduction Earned Credits is a sanction that affects the duration of the plaintiff's confinement. *See* State of Connecticut Department of Correction Administrative Directive 4.2A(4) (2013), *available at* www.ct.gov/dos/LIB/doc/PDF/AD/ad0402a.pdf ("RREC could affect an inmate's discharge date by five (5) days a month if in compliance.").

Thus, the disposition of the disciplinary charge on November 20, 2014, resulted in the imposition of sanctions that affected both Mr. Dorlette's conditions of confinement as well as the length of his prison sentence. Mr. Dorlette alleges that he appealed the disposition of the disciplinary charge, but District Administrator Quiros failed to acknowledge the appeal. *See* Compl. at 5 ¶ 20, ECF No. 1. Because Mr. Dorlette has not demonstrated that the disposition of the disciplinary charge has been invalidated, *Heck* bars the due process claims arising from the disposition of the disciplinary charge unless Mr. Dorlette "abandon[s], not just now, but also in any future proceeding, any claims he may have with respect to the duration of his confinement that arise out of the proceeding[s] he is attacking in [this] § 1983 suit." 467 F.3d at 104.

Under *Peralta*, the Court directs Mr. Dorlette to submit a notice, within twenty days of the filing date of this order, stating whether he waives for all time all claims in this action

relating to disciplinary sanctions affecting the duration of his confinement (*i.e.*, the forfeiture of RREC) in order to proceed with his claims challenging the sanctions affecting the conditions of his confinement. In the event that Mr. Dorlette fails to timely file the required *Peralta* waiver, he will be deemed to have refused to waive the claims relating to disciplinary sanctions imposed by Hearing Officer Richardson on November 20, 2014, that affect the duration of his confinement, (*i.e.*, the forfeiture of RREC), and the Court will dismiss the due process claims relating to November 20, 2014, disciplinary disposition by Investigator Melendez and Hearing Officer Richardson and the appeal of the disciplinary disposition to District Administrator Quiros.

Accordingly, the Court denies the motion to dismiss without prejudice with respect to the procedural due process claims against Defendants in their individual capacities for money damages and official capacities for injunctive relief.

## IV. CONCLUSION

For the reasons discussed above, the motion to dismiss, is **GRANTED** as to the claim for declaratory relief and **DENIED** without prejudice as to the Fourteenth Amendment procedural due process claims for injunctive relief against Defendants Melendez, Quiros, and Richardson in their official and individual capacities.

The Court directs Mr. Dorlette to submit a notice stating whether he waives **for all time** the claims in this action relating to disciplinary sanctions imposed on November 20, 2014, which affect the duration of his confinement (*i.e.*, the forfeiture of RREC) in order to proceed with his claims challenging the sanctions affecting the conditions of his confinement. Mr. Dorlette must file this notice, in writing using the Prisoner Efiling Program, within **twenty (20) days** of the filing date of this order. The Court specifically advises Mr. Dorlette that it will deem his failure

9

to file this notice within the required time as his refusal to waive these claims, and such failure will result in the dismissal of his due process claims as to all defendants.

**SO ORDERED** at Bridgeport, Connecticut this 2nd day of January, 2018.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE