UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FAROULH DORLETTE,<br>    Plaintiff,<br><br>v.<br><br>OFFICER TYBURSKI, et al.,<br>    Defendants. | :<br>:<br>:<br>:   Case No. 3:15-cv-1856 (VAB)<br>:<br>:<br>: |

**ORDER**

Faroulh Dorlette ("Plaintiff"), is currently incarcerated in the Walker Building at the MacDougall-Walker Correctional Institution. He initiated this action by filing a Complaint under 42 U.S.C. § 1983 against Correctional Officer Tyburski, Disciplinary Investigator Melendez, Disciplinary Hearing Officer Richardson, District Administrator Angel Quiros and Commissioner Scott Semple. The Complaint challenges a disciplinary charge for security tampering issued by Officer Tyburski to Mr. Dorlette on October 24, 2014, the disposition of that charge by Hearing Officer Richardson on November 20, 2014 and the sanctions imposed by Hearing Officer Richardson under the disposition of that charge. *See* Compl., ECF No. 1 at 4-5.

On January 2, 2018, the Court directed Mr. Dorlette to submit a notice stating whether he waives for all time the claims in this action relating to disciplinary sanctions imposed on November 20, 2014, which affect the duration of his confinement—*i.e.*, the forfeiture of Risk Reduction Earned Credits ("RREC")—in order for him to proceed with his claims challenging the sanctions affecting the sanctions affecting the conditions of confinement. ECF No. 39.

The Court **DISMISSES** Mr. Dorlette's due process claim relating to the November 20, 2014, disciplinary disposition.

Mr. Dorlette claims that Investigator Melendez, Hearing Officer Richardson and District Administrator Quiros violated his right to procedural due process under the Fourteenth Amendment in finding him guilty of the disciplinary charge, imposing sanctions against him, and refusing to address his appeal of the disposition of the disciplinary charge. *See id.* at 1, 4-5. On October 17, 2016, the Court dismissed all claims against Tyburski and Semple under 28 U.S.C. § 1915A(b)(1) and concluded that the Fourteenth Amendment procedural due process claims would proceed against Melendez, Richardson and Quiros in their individual and official capacities. *See* Initial Review Order, ECF No. 13.

In May 2017, Defendants Melendez, Richardson and Quiros moved to dismiss the Complaint. On January 2, 2018, the Court granted the motion to dismiss as to the request for declaratory relief and denied the motion without prejudice as to the Fourteenth Amendment procedural due process claims against Defendants Melendez, Quiros, and Richardson in their individual and official capacities, to the extent that Mr. Dorlette sought injunctive relief and monetary damages. *See* Order, ECF No. 39. Under the instruction of the Second Circuit in *Peralta v. Vasquez*, 467 F.3d 98, 100 (2d Cir. 2006), the Court directed Mr. Dorlette to submit a notice stating whether he "waives for all time" the claims in this action relating to a disciplinary sanction, imposed on November 20, 2014, which affected the duration of his confinement, in order to proceed with his claims challenging the sanctions affecting the conditions of his confinement.

On January 19, 2018, Mr. Dorlette filed a Notice. In that Notice, Mr. Dorlette appears to conditionally waive any challenge to the forfeiture of ten days of RREC which was a sanction imposed on November 20, 2014 in connection with the finding of guilt as to the disciplinary

charge of security tampering. In it, he states: "[P]laintiff hereby notifies the court that he waives his right to challenge the RREC application . . . . However, plaintiff respectfully requests that an objection be preserved" relating to Mr. Dorlette's allegations about alleged misconduct on the part of Defense Counsel. Notice of Waiver under *Peralta*. ECF No. 32. The Court cannot reasonably construe a partial waiver as a waiver "for all time." Mr. Dorlette's waiver thus falls short of what is legally required for this claim to proceed.

The Court deems Mr. Dorlette's Notice as a refusal to waive the claims relating to disciplinary sanctions imposed by Hearing Officer Richardson on November, 20, 2014, that affected the duration of his confinement.

The Court accordingly **DISMISSES** the due process claims relating to the November, 20, 2014, disciplinary disposition by Investigator Melendez and Hearing Officer Richardson and the appeal of the disciplinary disposition to District Administrator Quiros.

The case will proceed only as to the Fourteenth Amendment procedural due process claim against Defendants Melendez, Richardson, and Quiros relating to the November 20, 2014, guilty finding and imposition of sanctions of twenty days of punitive segregation and sixty days loss of mail privileges (the sanctions effecting Mr. Dorlette's conditions of confinement).

The Court enters the following **SCHEDULING ORDER**:

Defendants shall file an answer or a motion to dismiss addressed to the remaining Fourteenth Amendment procedural due process claim in the Complaint, as described in the preceding paragraph, within thirty (30) days of the date of this order.

Discovery shall be completed within sixty (60) days of the date of this order.

Motions for summary judgment, if any, shall be filed within ninety (90) days of the date of this order.

**SO ORDERED** at Bridgeport, Connecticut this 29th day of January, 2018.

    /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE