# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| FAROULH DORLETTE, | : |
|     Plaintiff, | : |
| | : |
| v. | :   Case No. 3:15-cv-1856(VAB) |
| | : |
| OFFICER TYBURSKI, ET AL., | : |
|     Defendants. | : |

## RULING ON MOTION FOR RECONSIDERATION

Faroulh Dorlette ("Plaintiff" or "Dorlette") is currently incarcerated in the Walker Building at the MacDougall-Walker Correctional Institution. He has filed a motion for reconsideration of the Court's Order denying his motion to compel as moot. ECF No. 40.

The Court **DENIES** the motion for reconsideration.

On May 24, 2017, the Court denied Mr. Dorlette's motion to compel the defendants to respond to his December 21, 2016 request for production of documents because counsel for the defendants informed the court that he had re-mailed the responses to the request for production of documents to Mr. Dorlette at his address in Connecticut. Mr. Dorlette contends that he never received the responses to the December 21, 2016 request for production of documents.

Under Rule 7(c)(1), D. Conn. L. Civ. R., a motion for reconsideration "shall be filed and served within (7) days of the filing of the decision or order from which relief is sought." On November 30, 2017, the Court issues an Order denying the motion to compel to Mr. Dorlette at Northern Correctional Institution, his address on file with the court. Mr. Dorlette states that he received the Court's order denying the motion to compel on December 15, 2017. He did not file his motion for reconsideration until January 2, 2018. Thus, his motion for reconsideration was not filed in a timely manner.

Even if the motion had been timely filed, nothing in Mr. Dorlette's filing suggests that the Court erred in denying Mr. Dorlette's motion to compel as moot. At the time that counsel for

Defendants filed his objection to the motion to compel and represented to the Court that he had re-mailed the responses to the production request to Mr. Dorlette, the address on file for Mr. Dorlette was Corrigan Correctional Institution ("Corrigan"). *See* Notice, ECF No. 33 filed on May 12, 2017. Counsel stated that, on May 24, 2017, he had re-mailed the documents to Mr. Dorlette at Corrigan. In light of this representation, the Court denied the motion to compel as moot.

Mr. Dorlette never filed a reply to Counsel's objection, indicating that he had not received the responses to his document production request. In fact, Mr. Dorlette did not contact the Court until September 5, 2017, when he filed a notice of his new address at Northern Correctional Institution. *See* Notice, ECF No. 36. Thus, there is no evidence that the Court's reliance on counsel's representation that he had re-mailed the responses to the December 2016 discovery request to Mr. Dorlette at his address on file with the Court and that Mr. Dorlette had received the responses, was misplaced. Accordingly, the motion for reconsideration is denied.

For these reasons, the motion for reconsideration of the Court's Order denying Mr. Dorlette's motion to compel as moot is **DENIED**. The Court notes that counsel for the defendants has represented to the Court that he will again re-mail the responses to the December 2016 request for production of documents to Mr. Dorlette at his current place of confinement, MacDougall-Walker Correctional Institution, and will also file a notice with the Court documenting the date on which he re-mailed the discovery responses to Mr. Dorlette.

SO ORDERED at Bridgeport, Connecticut this 29th day of January, 2018.

    /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE